SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7241
    Facsimile:   (415) 436-6748
    Email:      owen.martikan@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHLEEN IMMEDIATO, individually and as real party in interest to the ESTATE OF RALPH IMMEDIATO,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS, CENTER FOR REHABILITATION AND EXTENDED CARE,<br><br>             Defendant. | No. C 07-03008 EMC<br>**E-FILING CASE**<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>Date: Wednesday, September 19, 2007<br>Time: 10:30am<br>Ctrm: C, 15th Floor |

PLEASE TAKE NOTICE that on Wednesday, September 19, 2007, at 10:30a.m., in the Courtroom of the Honorable Edward M. Chen, United States Magistrate Judge, Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, the United States Department of Veteran's Affairs, represented by the United States Attorney for the Northern District of California, through Owen P. Martikan, Assistant United States Attorney, will move this Court to dismiss the above-captioned case under Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. The motion will be based on this motion and memorandum of points and authorities, the arguments of the parties, and such other matters as may be presented to or considered by the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is a medical malpractice case involving the death of Ralph Immediato, who was plaintiff Kathleen Immediato's husband.  As with any action alleging that a federal employee acting within the scope of his or her duties committed a tort not involving a constitutional violation, this Court's subject matter jurisdiction is based on the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*

Defendant the United States Department of Veterans' Affairs (VA) brings this motion because two jurisdictional infirmities require dismissal of this case.  First, plaintiff Immediato has failed to sue the United States of America, which is the only proper defendant in an action under the FTCA.  Second, plaintiff's causes of action for willful misconduct, fraud, and constructive fraud excluded from the FTCA's waiver of sovereign immunity under 28 U.S.C. § 2680(h).

## STATEMENT OF FACTS

Plaintiff Kathleen Immediato alleges that her husband, Ralph Immediato, died under VA care due to the negligence of VA employees. Plaintiff's Complaint at ¶15.  Ralph Immediato arrived at the VA's Martinez long-term care facility on June 30, 2004 for a respite stay.  *Id*. at ¶7.  He was 82 years old, suffered from Parkinson's Disease, dementia, and prostate cancer that had metastasized to his bladder.  *Id*. and Exhibit A.  Ralph Immediato died of sepsis on July 29, 2004.  *Id*. at ¶11.

Immediato's complaint alleges negligence, wrongful death, willful misconduct, fraud, constructive fraud, and violation of the California Welfare and Institutions Code § 15610 *et seq*.  *See* Plaintiff's Complaint.

## ARGUMENT AND AUTHORITIES

**I.    THE LEGAL STANDARD ON A MOTION TO DISMISS.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a district court may dismiss a plaintiff's complaint if the court finds that it lacks subject matter jurisdiction to adjudicate the claim.  Fed. R. Civ. P. 12(b)(1).

1   The party seeking to invoke the jurisdiction of the court has the burden of establishing
2   that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The court is under
3   a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.
4   *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). In determining whether it has subject
5   matter jurisdiction over an action, a district court may resolve factual disputes raised by a Rule
6   12(b)(1) motion. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Specifically, in
7   deciding a motion to dismiss for a failure to exhaust non-judicial remedies, a district court may
8   look beyond the pleadings. *Wyatt v. Terhume*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

## II. THE UNITED STATES HAS SOVEREIGN IMMUNITY FOR TORT CLAIMS UNLESS THE FTCA WAIVES THEM.

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity is jurisdictional in nature because the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be unequivocally expressed. *See United States v. Mitchell*, 445 U.S. 535, 538-9 (1980). Waivers of immunity must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires. *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992).

It is well established that the exclusive remedy of a claimant seeking recovery of damages based on the tortious conduct of a federal agency is the FTCA, through which the United States waived its sovereign immunity to such suits. *See Magee v. U.S.*, 121 F.3d 1, 3 (1st Cir.1997). However, section 2679(a) withdraws from federal agencies the authority to be sued directly given that, under the statute, a complaint may only be brought against the United States. Consequently, district courts lack subject matter jurisdiction over federal agencies, such as the VA, in suits brought under the FTCA. *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir.1975).

.

DEFENDANT'S MOTION TO DISMISS
C 07-03008 EMC                                      3

**III.    IMMEDIATO HAS FAILED TO SUE THE UNITED STATES.**

The United States is the only proper defendant in a lawsuit under the FTCA. *Aviles-Diaz v. United States*, 194 F. Supp. 2d 85, 86 (D. P.R. 2002). Neither a federal agency, nor a federal official in an official capacity, is amenable to suit under the FTCA. *Id.*; *Scheimer v. National Park Service*, 737 F. Supp. 3, 4 ( D. D.C. 1990). The FTCA expressly provides that the remedy that it provides against the United States is exclusive, and does not extend to federal agencies, even if they consent to be sued. 28 U.S.C. § 2679(a) and (b). Because Immediato failed to sue the United States, the Court lacks subject matter jurisdiction over her FTCA claim. *Quinones v. Dept. of Health & Human Services*, 322 F. Supp. 2d 147, 151 (D. P.R. 2004).

The Court should dismiss, without prejudice, Immediato's FTCA claim for failing to sue the proper party.

**IV.    THE FTCA DOES NOT WAIVE IMMUNITY FOR INTENTIONAL TORTS.**

Immediato has sued the VA for fraud, constructive fraud, and willful misconduct. Plaintiff's Complaint at 5-7. The gist of these claims is that the VA misrepresented to Ralph Immediato that he would receive proper care at the VA Martinez facility, and that Immediato relied on these alleged misrepresentations to his detriment. *Id*.

The FTCA specifically excludes claims for most intentional torts, including torts involving deceit, misrepresentation, assault and battery. 28 U.S.C. § 2680(h). The Supreme Court has held that this section covers claims for negligent as well as fraudulent misrepresentation. *Pauly v. U.S. Dept. of Agriculture*, 348 F.3d 1143, 1151 (9th Cir. 2003) (*citing United States v. Neustadt*, 366 U.S. 696, 702 (1961)). To determine whether a claim is barred by section 2680(h), the Ninth Circuit looks beyond the labels used by the plaintiff, to determine whether the conduct upon which the claim is based constitutes one of the torts listed there. *Pauly*, 348 F.3d at 1151.

The essence of the tort of misrepresentation is the communication of misinformation on which the recipient relies. *Id*. (*quoting Block v. Neal*, 460 U.S. 289, 296 (1983)). Immediato's claim for willful misconduct alleges that the VA "affirmatively represented" to the Immediatos that it would continuously observe Ralph Immediato and care for him, that Ralph Immediato

1  relied upon the VA's representation, and that the VA intentionally failed to care for him.
2  Complaint at ¶¶28-29.  Immediato also alleges that the VA willfully denied Immediato medical
3  care, which would constitute battery, a tort that is also excluded from the FTCA by section
4  2680(h).
5        Immediato's causes of action for fraud and constructive fraud are likewise excluded from
6  FTCA coverage.  In both causes of action, Immediato claims that the VA made representations
7  to him that the VA knew were false, and that Ralph Immediato relied on those representations to
8  his detriment.  Plaintiff's Complaint at ¶¶33-36, 39-41.
9        The Court should find that sovereign immunity prevents it from exercising subject matter
10 jurisdiction over Immediato's causes of action for willful misconduct, fraud, and constructive
11 fraud.

## CONCLUSION

13       The Court lacks subject matter jurisdiction over this case because Immediato has failed to
14 sue the United States, which is the only proper defendant under the FTCA.  The Court should
15 dismiss without prejudice to Immediato amending to sue the United States.
16       The Court lacks subject matter jurisdiction over Immediato's claims of willful
17 misconduct, fraud, and constructive fraud, because they are barred by the FTCA's intentional
18 tort exclusion.  The Court should dismiss those causes of action with prejudice.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

Dated: August 10, 2007

/s/
_____
OWEN P. MARTIKAN
Assistant United States Attorney