SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7241
    Facsimile:   (415) 436-6748
    Email:      owen.martikan@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHLEEN IMMEDIATO, individually and as real party in interest to the ESTATE OF RALPH IMMEDIATO,<br><br>              Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF VETERAN'S AFFAIRS, CENTER FOR REHABILITATION AND EXTENDED CARE,<br><br>              Defendant. | No. C 07-03008 MMC<br>**E-FILING CASE**<br><br>**[PROPOSED] ORDER RE: DEFENDANT'S RE-NOTICED MOTION TO DISMISS**<br><br>Date: Friday, September 28, 2007<br>Time: 9:00am<br>Ctrm: 7, 19th Floor |

This case comes before the Court on defendant United States Department of Veterans Affairs' Motion to Dismiss. For the reasons stated below, the Court GRANTS defendant's motion.

**INTRODUCTION**

This is a medical malpractice case involving the death of Ralph Immediato, who was plaintiff Kathleen Immediato's husband. As with any action alleging that a federal employee acting within the scope of his or her duties committed a tort not involving a constitutional violation, this Court's subject matter jurisdiction is based on the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*

**STATEMENT OF FACTS**

Plaintiff Kathleen Immediato alleges that her husband, Ralph Immediato, died under VA care due to the negligence of VA employees. Plaintiff's Complaint at ¶15. Ralph Immediato arrived at the VA's Martinez long-term care facility on June 30, 2004 for a respite stay. *Id*. at ¶7. He was 82 years old, suffered from Parkinson's Disease, dementia, and prostate cancer that had metastasized to his bladder. *Id*. and Exhibit A. Ralph Immediato died of sepsis on July 29, 2004. *Id*. at ¶11.

Immediato's complaint alleges negligence, wrongful death, willful misconduct, fraud, constructive fraud, and violation of the California Welfare and Institutions Code § 15610 *et seq*. *See* Plaintiff's Complaint.

**ARGUMENT AND AUTHORITIES**

**I.    THE LEGAL STANDARD ON A MOTION TO DISMISS.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a district court may dismiss a plaintiff's complaint if the court finds that it lacks subject matter jurisdiction to adjudicate the claim. Fed. R. Civ. P. 12(b)(1).

The party seeking to invoke the jurisdiction of the court has the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). In determining whether it has subject matter jurisdiction over an action, a district court may resolve factual disputes raised by a Rule 12(b)(1) motion. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Specifically, in deciding a motion to dismiss for a failure to exhaust non-judicial remedies, a district court may look beyond the pleadings. *Wyatt v. Terhume*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).

## II. THE UNITED STATES HAS SOVEREIGN IMMUNITY FOR TORT CLAIMS UNLESS THE FTCA WAIVES THEM.

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity is jurisdictional in nature because the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be unequivocally expressed. *See United States v. Mitchell*, 445 U.S. 535, 538-9 (1980). Waivers of immunity must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires. *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992).

It is well established that the exclusive remedy of a claimant seeking recovery of damages based on the tortious conduct of a federal agency is the FTCA, through which the United States waived its sovereign immunity to such suits. *See Magee v. U.S.*, 121 F.3d 1, 3 (1st Cir.1997). However, section 2679(a) withdraws from federal agencies the authority to be sued directly given that, under the statute, a complaint may only be brought against the United States. Consequently, district courts lack subject matter jurisdiction over federal agencies, such as the VA, in suits brought under the FTCA. *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir.1975).

## III. IMMEDIATO HAS FAILED TO SUE THE UNITED STATES.

The United States is the only proper defendant in a lawsuit under the FTCA. *Aviles-Diaz v. United States*, 194 F. Supp. 2d 85, 86 (D. P.R. 2002). Neither a federal agency, nor a federal official in an official capacity, is amenable to suit under the FTCA. *Id.*; *Scheimer v. National Park Service*, 737 F. Supp. 3, 4 ( D. D.C. 1990). The FTCA expressly provides that the remedy that it provides against the United States is exclusive, and does not extend to federal agencies, even if they consent to be sued. 28 U.S.C. § 2679(a) and (b). Because Immediato failed to sue the United States, the Court lacks subject matter jurisdiction over her FTCA claim. *Quinones v. Dept. of Health & Human Services*, 322 F. Supp. 2d 147, 151 (D. P.R. 2004).

**IV.    THE FTCA DOES NOT WAIVE IMMUNITY FOR INTENTIONAL TORTS.**

Immediato has sued the VA for fraud, constructive fraud, and willful misconduct. Plaintiff's Complaint at 5-7. The gist of these claims is that the VA misrepresented to Ralph Immediato that he would receive proper care at the VA Martinez facility, and that Immediato relied on these alleged misrepresentations to his detriment. *Id*.

The FTCA specifically excludes claims for most intentional torts, including torts involving deceit, misrepresentation, assault and battery. 28 U.S.C. § 2680(h). The Supreme Court has held that this section covers claims for negligent as well as fraudulent misrepresentation. *Pauly v. U.S. Dept. of Agriculture*, 348 F.3d 1143, 1151 (9th Cir. 2003) (*citing United States v. Neustadt*, 366 U.S. 696, 702 (1961)). To determine whether a claim is barred by section 2680(h), the Ninth Circuit looks beyond the labels used by the plaintiff, to determine whether the conduct upon which the claim is based constitutes one of the torts listed there. *Pauly*, 348 F.3d at 1151.

The essence of the tort of misrepresentation is the communication of misinformation on which the recipient relies. *Id*. (*quoting Block v. Neal*, 460 U.S. 289, 296 (1983)). Immediato's claim for willful misconduct alleges that the VA "affirmatively represented" to the Immediatos that it would continuously observe Ralph Immediato and care for him, that Ralph Immediato relied upon the VA's representation, and that the VA intentionally failed to care for him. Complaint at ¶¶28-29. Immediato also alleges that the VA willfully denied Immediato medical care, which would constitute battery, a tort that is also excluded from the FTCA by section 2680(h).

Immediato's causes of action for fraud and constructive fraud are likewise excluded from FTCA coverage. In both causes of action, Immediato claims that the VA made representations to him that the VA knew were false, and that Ralph Immediato relied on those representations to his detriment. Plaintiff's Complaint at ¶¶33-36, 39-41.

**CONCLUSION**

The Court lacks subject matter jurisdiction over this case because Immediato has failed to sue the United States, which is the only proper defendant under the FTCA. The Court therefore dismisses Immediato's complaint with leave to amend within 30 days to name the proper party defendant. The Court lacks subject matter jurisdiction over Immediato's claims of willful misconduct, fraud, and constructive fraud, because they are barred by the FTCA's intentional tort exclusion. These claims are dismissed with prejudice.

SO ORDERED.

DATED:

_____
HON. MAXINE M. CHESNEY
United States District Judge