DAVID J. BECHT, SBN 104208
MICHAEL SACHS, SBN 235048
ADAMS | NYE | SINUNU | BRUNI | BECHT LLP
222 Kearny Street, Seventh Floor
San Francisco, California 94108-4521
Telephone: (415) 982-8955
Facsimile: (415) 982-2042
Email:    msachs@ansbb.com

Attorneys for Plaintiff
KATHLEEN IMMEDIATO


SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7314
Facsimile: (415) 436-6748
Email:    ellen.fitzgerald@usdoj.gov

Attorneys for Defendant United States of America

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| KATHLEEN IMMEDIATO, individually and as real party in interest to the ESTATE OF RALPH IMMEDIATO<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | CASE NO. CV 07-03008 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

1.

1. **Jurisdiction:** The jurisdiction of this Court is based upon 28 U.S.C. § 1346 and 42 U.S.C. § 233. Plaintiff has fully compiled with all prerequisites to jurisdiction in this court having exhausted all administrative remedies required by law.

2. **Service:** Plaintiff Kathleen Immediato filed an amended complaint on August 29, 2007, eliminating United States Department of Veteran Affairs as a defendant and replacing it with Defendant United States of America. This amended complaint also dropped her causes of action for Willful Misconduct, Fraud, and Constructive Fraud. Defendant United States of America was served on September 11, 2007. Plaintiff does not anticipate serving any additional parties or filing any additional amendments to the pleadings.

3. **Facts**: This case arises out of the death of Ralph Immediato on July 29, 2004. On June 30, 2004, Mr. Immediato was accepted for a thirty day "respite" residency at the Martinez Outpatient Clinic and Center for Rehabilitation and Extended Care ("CREC"). Plaintiff contends that a urinalysis performed by CREC indicated the presence of a urinary tract infection. Plaintiff contends that Defendant initially failed to treat Mr. Immediato's condition, then chose an inadequate course of treatment, and finally refused to transfer Mr. Immediato when the treatment was shown to be ineffective. Plaintiff contends that Mr. Immediato died of sepsis as a direct result of Defendant's negligence and recklessness. Plaintiff brings suit for professional negligence, wrongful death, survival, and elder abuse. Defendant denies liability for all of plaintiff's claims and states that its agents and employees acted with due care and diligence, in conformity with the standard of care, at all times when caring for Mr. Immediato. Defendant further states that Mr. Immediato's death was not proximately caused by a negligent wrongful act or omission or breach of the applicable standard of care by an employee of the United States.

4. **Legal Issues**: It is unknown at this time if the parties will have a dispute concerning legal issues.

5. **Motions**: Defendant previously filed a motion to dismiss the complaint for failure to name the United States as the proper defendant and for failure to state a claim for willful misconduct, fraud, and constructive fraud. Plaintiff filed an amended complaint, rendering

2.

defendant's motion moot. Defendant withdrew its motion on September 5, 2007. Defendant anticipates that it may file a motion for summary judgment in this case.

6. **Amendment to the Pleadings**: No further amendments expected at this time.

7. **Evidence Preservation**: Counsel have conferred with their clients and advised them to take steps to preserve any documents related to this case.

8. **Disclosures:** The parties met and conferred as required by Federal Rule of Civil Procedure 26 on September 19, 2007. To date, the parties have not made their initial disclosures. Due to counsel unavailability, the parties stipulate that initial disclosures required under Federal Rule of Civil Procedure 26 shall be completed by November 2, 2007.

9. **Discovery**: To date the parties have not conducted discovery. The parties do not believe there is any need to vary from the limits on depositions or interrogatories set forth in Rules 30(a)(2), 30(d)(2) and 33(a). The parties do not believe there is any need for judicial intervention or any special discovery procedures at this time.

10. **Class Action**: There are no class action issues.

11. **Related Cases**: There are no related cases pending before any judge of this Court.

12. **Relief**: Plaintiff seeks damages in the amount of $1,000,000. This amount includes $500,000 for personal injury and $500,000 for Mr. Immediato's wrongful death. Plaintiff also seeks attorneys fees. Defendant denies that plaintiff is entitled to any damages.

13. **Settlement and ADR:** The parties have not been able to reach an agreement on an ADR process. Plaintiff would prefer mediation. Defendant believes that ADR will be helpful after it has conducted some initial discovery, and defendant is amenable to a settlement conference with a magistrate judge or a mediation after completion of appropriate discovery.

14. **Consent to Assignment to Magistrate Judge**: Plaintiff does not consent to assignment of this matter to a magistrate judge.

15. **Binding Arbitration, Special Master, Magistrate, etc**: The parties agree that this case is not appropriate for binding arbitration, special master, magistrate judge, or reference to the MDL panel.

16. **Narrowing of Issues:** None anticipated at this time.

17. **Expedited Schedule**: The parties do not think an expedited schedule is appropriate at this time.

18. **Scheduling:** The parties have agreed to the following pre-trial and trial dates:

| | |
|---|---|
| Fact discovery cut-off: | April 1, 2008 |
| Plaintiff's expert disclosure: | May 2, 2008 |
| Defendant's expert disclosure: | May 23, 2008 |
| Expert discovery cut-off: | June 30, 2008 |
| Last day to file dispositive motions: | August 31, 2008 |
| Pre-trial conference: | October, 2008 |
| Trial: | November, 2008 |

19. **Trial**: This will be a bench trial and the parties currently anticipate the trial will last two to three days.

20. **Disclosure of Non-party Interested Entities of Persons**: None at this time.

21. **Other Maters**: None at this time.

Dated: September 20, 2007

ADAMS | NYE | SINUNU | BRUNI | BECHT  LLP

By: /s/
_____
MICHAEL SACHS
Attorneys for Plaintiff
KATHLEEN IMMEDIATO

Dated: September 20, 2007

SCOTT N. SCHOOLS
United States Attorney

By: /s/
_____
ELLEN M. FITZGERALD
Assistant United States Attorney
Attorneys for Defendant

4.