SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KATHLEEN IMMEDIATO, individually and as real party in interest to the ESTATE OF RALPH IMMEDIATO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. C 07-03008 MMC<br><br>ANSWER TO PLAINTIFF'S<br>FIRST AMENDED COMPLAINT |

Defendant, United States of America, by and through its undersigned attorneys, hereby answers Plaintiff's First Amended Complaint (the "Amended Complaint") on information and belief as follows:

## JURISDICTION

1.  Neither admits nor denies the allegation in paragraph 1 of the Amended Complaint because it constitutes a legal conclusion to which no answer is required.

2.  Neither admits nor denies the allegation in the first sentence of paragraph 2 of the Amended Complaint because it constitutes a legal conclusion to which no answer is required. Admits the remaining allegations in paragraph 2 of the Amended Complaint.

## INTRADISTRICT ASSIGNMENT

3. Neither admits nor denies the allegation in paragraph 3 of the Amended Complaint because it constitutes a jurisdictional allegation to which no answer is required.

## GENERAL ALLEGATIONS

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5. Admits the allegations in the first sentence of paragraph 5 of the Amended Complaint. Neither admits nor denies the remaining allegations in paragraph 5 of the Amended Complaint because they constitute conclusions of law to which no response is required and respectfully refers the Court to the statutes cited in paragraph 5 as the best statement of their contents.

6. Denies the allegation in paragraph 6 of the Amended Complaint except admits that defendant operates an Outpatient Clinic and Center for Rehabilitation and Extended Care ("CREC"), a licensed long term care facility for veterans in Martinez, California.

7. Admits the allegation in the first sentence of paragraph 7 of the Amended Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Amended Complaint regarding Ralph Immediato's medical history and respectfully refers the Court to Mr. Immediato's medical records as the best statement of his medical condition.

8. Admits the allegations in paragraph 8 of the Amended Complaint.

9. Admits the allegations in paragraph 9 of the Amended Complaint.

10. Denies the allegations in paragraph 10 of the Amended Complaint.

11. Denies the allegations in paragraph 11 of the Amended Complaint except admits that Ralph Immediato died on July 29, 2004.

ANSWER TO FIRST AMENDED COMPLAINT
No. C 07-03008 MMC                                    2

## FIRST CAUSE OF ACTION

### [Professional Negligence]

12. Defendant restates each and every response set forth above in paragraphs 1 through 11 as if fully set forth herein.

13. Neither admits nor denies the allegations in paragraph 13 of the Amended Complaint because they constitute legal conclusions to which no answer is required.

14. Neither admits nor denies the allegations in paragraph 14 of the Amended Complaint because they constitute legal conclusions to which no answer is required.

15. Denies the allegations in paragraph 15 of the Amended Complaint.

16. Denies the allegation in paragraph 16 of the Amended Complaint.

17. Denies the allegation in paragraph 17 of the Amended Complaint.

## SECOND CAUSE OF ACTION

### [Wrongful Death]

18. Defendant restates each and every response set forth above in paragraphs 1 through 17 as if fully set forth herein.

19. Denies the allegation in paragraph 19 of the Amended Complaint.

20. Denies the allegation in paragraph 20 of the Amended Complaint.

21. Denies the allegation in paragraph 21 of the Amended Complaint.

## THIRD CAUSE OF ACTION

### [Survival]

22. Defendant restates each and every response set forth above in paragraphs 1 through 21 as if fully set forth herein.

23. Denies the allegations in paragraph 23 of the Amended Complaint.

24. Denies the allegation in paragraph 24 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### [Elder Abuse]

25. Defendant restates each and every response set forth above in paragraphs 1 through 24 as if fully set forth herein.

26. Neither admits nor denies the allegation in paragraph 26 of the Amended Complaint because it constitutes a legal conclusion to which no response is required and respectfully refers the Court to the provision of the statute cited in paragraph 26 as the best statement of its contents.

27. Denies the allegation in paragraph 27 of the Amended Complaint except admits that during his stay at the CREC in Martinez Ralph Immediato was dependant upon defendant for his care.

28. Neither admits nor denies the allegation in paragraph 28 of the Amended Complaint because it constitutes a legal conclusion to which no answer is required except expressly denies that defendant's care of Mr. Immediato failed to conform to the standard of care.

29. Denies the allegation in paragraph 29 of the Amended Complaint.

30. Denies the allegation in paragraph 30 of the Amended Complaint.

31. Denies the allegation in paragraph 31 of the Amended Complaint.

32. Neither admits nor denies the allegation in paragraph 32 of the Amended Complaint because it constitutes a legal conclusion to which no answer is required. To the extent an answer is required, defendant denies the allegation in paragraph 32 of the Amended Complaint.

The paragraph beginning with "WHEREFORE" contains plaintiff's prayer for relief. To the extent that an answer is required, all allegations contained in the prayer for relief are denied.

Any allegation set forth in the Amended Complaint not heretofore answered is specifically denied.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The United States, through its employees and agents, acted with due care and diligence, in conformity with the applicable standard of care, at all relevant times.

## FOURTH AFFIRMATIVE DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited to the amount sought administratively. 28 U.S.C. § 2675(b).

## SIXTH AFFIRMATIVE DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the plaintiff's alleged injury, cutting off the legal effect of the United States' negligence.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the common or statutory law of the State of California, where the alleged acts or omissions occurred, limits or reduces damages or limits a private defendant's liability or plaintiffs' cause of action, that law applies in this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

## EIGHTH AFFIRMATIVE DEFENSE

In the event plaintiff is entitled to recover damages from the United States in this action, the United States is entitled to a set-off or credit for any past or future benefits paid to or on

behalf of or received by plaintiff from any federal agency program to the extent allowed under federal and state common law and statutory law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages or any other non-compensatory damages against the United States. 28 U.S.C. § 2674.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the recovery of pre-judgment interest on any award they may obtain from the United States. 28 U.S.C. § 2674.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that this Court finds the United States is liable to plaintiffs and enters a monetary judgment against the United States, plaintiffs are entitled to post-judgment interest only to the extent provided by law.

### TWELFTH AFFIRMATIVE DEFENSE

Costs may be taxed against the United States only as allowed by 28 U.S.C. § 1920.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671 et seq. Attorney's fees are taken out of any judgment and are governed by the statute. 28 U.S.C. § 2678.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff may have failed to mitigate her damages, her recovery, if any, must be reduced accordingly.

1  WHEREFORE, having fully answered the Amended Complaint against it, the United
2  States respectfully prays that this Court enter judgment in its favor and against plaintiff, award it
3  costs, and grant such other and further relief as this court deems just and equitable.

5  Dated: October 1, 2007

                                            Respectfully submitted,

                                            SCOTT N. SCHOOLS
                                            United States Attorney

                                  By:       _____/s/_____
                                            ELLEN M. FITZGERALD
                                            Assistant United States Attorney

ANSWER TO FIRST AMENDED COMPLAINT
No. C 07-03008 MMC                          7